IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00279-CR

No. 10-11-00280-CR

No. 10-11-00281-CR

No. 10-11-00282-CR

 

Russell Wade Eason,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court Nos. 2011-411-C2,
2011-412-C2, 

2011-413-C2, and 2011-443-C2

 



MEMORANDUM  Opinion



 

            Russell Wade Eason appeals a
conviction for unlawful possession of a firearm by a felon, two convictions for
burglary of a habitation, and a conviction for theft over $20,000 but less than
$100,000.  By letter dated July 27, 2011, the Clerk of this Court notified
Eason that his appeals were subject to dismissal because the trial court’s
certificate of right of appeal that Eason signed in each underlying criminal
case indicated that the underlying criminal cases were plea bargain cases and
that Eason had no right to appeal and waived his right to appeal.  See Tex. R. App. P. 25.2(d).  The Clerk
also warned Eason that the appeals would be dismissed unless, within 21 days of
the date of the letter, a response was filed showing grounds for continuing the
appeals.  See Tex. R. App. P.
44.3.  We received a response from Eason; however, it does not provide grounds
for continuing the appeal.  

Accordingly, these appeals are
dismissed.

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Appeals
dismissed

Opinion
delivered and filed August 10, 2011

Do
not publish 

[CR25]






ts
that actually were in the affidavit, combined with all reasonable inferences
that might flow from those facts, are sufficient to establish a "fair
probability" that evidence of a particular crime will likely be found at a
given location.  Id.

Appellate Case Numbers 10-08-00115-CR, 10-08-00116-CR, and 10-08-00117-CR

            As to the affidavit applicable to
appellate case numbers 10-08-00115-CR, 10-08-00116-CR, and 10-08-00117-CR, Armstrong contends the affidavit did not contain facts
from which the magistrate could properly conclude there was probable cause to
search the suspected place, Armstrong’s dormitory room.  But Armstrong’s
argument focused on what facts were not in the affidavit.  Our
review, however, is limited to the facts that were contained in the
affidavit.

            Without restating all the information
contained in the very lengthy probable cause affidavit, we note that the
following information was included.  In September of 2004, a Yahoo subscriber
posted several images of child pornography to a Yahoo Inc. Message group.  An
investigation was conducted through which it was determined that two different
user names were involved in posting the images.  One user name was located in Brazos County, Texas.  This user name uploaded 6 images depicting child pornography to his
Yahoo account.  

            A subpoena to Yahoo revealed that the
Internet Protocol address captured when the user name last logged on, on September 7, 2004, was owned by Texas A&M University in College Station, Texas.  A subpoena issued to Texas A&M revealed that the subscriber for that IP address
was Cory R. Armstrong, a student who was living in Dormitory 12.  Further
investigation revealed that Armstrong’s room number was 12-113.

            The affidavit also alleged that absent
fraud, computer intrusion, or disclosure of one’s private account password, a
user’s screen name or email account cannot be accessed by the general public. 
Child pornography collections are likely to be located in the suspect’s home. 
Persons involved in sending or receiving child pornography tend to retain those
materials for extended periods of time—months or even years.  Graphic image
files containing child pornography can be maintained for long periods of time
in a number of ways:  on a computer’s built-in hard disk drive, on portable
storage disks, on CD-ROMs, or on other computer media.  Even when the
pornographic files have been deleted, computer forensic experts are often able
to recover the images.  Persons who use personal computers in their homes tend
to retain their personal files and data for extended periods of time.  

            Based on a review of the facts
contained in the affidavit, combined with the reasonable inferences that might
flow from those facts, we hold that there is a substantial basis to support the
magistrate’s conclusion that those facts were sufficient to establish a
"fair probability" that evidence of possession or promotion of child
pornography would likely be found in Armstrong’s dormitory room.  Thus, the
affidavit was sufficient to establish probable cause.

            Armstrong also contends the trial
court relied on stale and conclusory information in the affidavit in support of
this particular search warrant.  In his written motion to suppress, Armstrong
generally states that the affidavit contains stale information and consists of
conclusions that have no factual support.  He then lists a plethora of “facts”
that the warrant lacks which all appear to go to the sufficiency of the
affidavit to establish probable cause.  He does not point the trial court to
what information in the affidavit he alleges to be stale, nor does he point to
what information he believes to be conclusory.  At the hearing on the motion,
Armstrong simply relies on his motion.  Now on appeal, Armstrong attempts to
specifically argue what information he believes to be stale and conclusory. 
Because Armstrong did not argue in his motion or at the hearing what
information contained in the search warrant affidavit was either stale or
conclusory, he has not preserved these arguments for review on appeal.  See
Tex. R. App. P. 33.1; Swain v.
State, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005) ("Appellant's global
statements in his pretrial motion to suppress were not sufficiently specific to
preserve the arguments he now makes on appeal.").

Appellate Case Number 10-08-00114-CR

            As he argued regarding the affidavit
previously discussed, Armstrong also contends the affidavit involved in
appellate case number 10-08-00114-CR, which was issued well after the above
referenced warrants had been issued, evidence seized, and charges filed, did
not contain facts from which the magistrate could properly conclude there was
probable cause to search the suspected place, Armstrong’s subsequent residence
on 707 Cherry Street in College Station, Texas.  In a nutshell, Armstrong
argues there were insufficient facts in the affidavit to connect him with the
residence or that a computer was located at the residence at the time an
on-line chat between Armstrong and an undercover officer posing as a
13-year-old girl, “Ashton,” took place.  A transcript of the chat attached to
the affidavit belies this argument by Armstrong.  During the chat, Armstrong
indicated several times that he was at home.  He also indicated he was using a
computer.  Further, when arrested at the arranged meeting place with “Ashton,”
Armstrong told law enforcement he lived at 707 Cherry Street.  

            Based on a review of the facts
contained in the affidavit, combined with the reasonable inferences that might
flow from those facts, we hold that there is a substantial basis to support the
magistrate’s conclusion that those facts were sufficient to establish a
"fair probability" that evidence of a particular crime would likely
be found at 707 Cherry Street in College Station, Texas.  Thus, the affidavit
was sufficient to establish probable cause.

Conclusion

            The affidavits were sufficient to
establish probable cause.  Armstrong’s issue is overruled, and the trial
court’s judgment in each proceeding is affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed April 29, 2009

Do
not publish 

[CR25]